# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
### NO. 03-09-00148-CV
---

**In the matter of T. E.**

---
**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. J-21,607, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING**
---

## M E M O R A N D U M   O P I N I O N

T.E., a juvenile, appeals an order requiring him to register as a sex offender. *See* Tex. Fam. Code Ann. § 56.01(a) (West Supp. 2009). He argues that the trial court abused its discretion by issuing the order. We will affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2003, at age 13, T.E. was found guilty of engaging in delinquent conduct, *see id*. § 51.03 (West Supp. 2009)—specifically, committing two acts of aggravated sexual assault of a child. *See* Tex. Penal Code Ann. § 22.021 (West Supp. 2009). The court placed T.E. on probation in his mother's custody for one year. T.E.'s offenses required him to register as a sex offender, *see* Tex. Crim. Proc. Code Ann. art. 62.001(5) (West Supp. 2009), but as a juvenile he was able to file a motion to excuse or defer registration. *See id*. art. 62.351 (West Supp. 2009). The trial court granted the motion and allowed T.E. to defer registration pending his completion of a treatment program. *See id*. art. 62.352(b)(1) (West 2006).

Approximately ten months later, the State filed a Motion to Modify Disposition alleging that T.E. had violated various conditions of his probation. The court found the State's allegations to be true. Accordingly, the court revoked T.E.'s probation and placed T.E. in the custody of the Texas Youth Commission (TYC) for an indeterminate period of time.[1]

In February 2009, shortly before T.E. was to be released from TYC custody, the State filed a motion to require sex-offender registration. *See id*. art. 62.352(c) (court retains power to order sex-offender registration it previously deferred). The court held a hearing on the motion at which the State called two witnesses: Amy Smith-Rocha, who had been T.E.'s probation officer, and Leslie Moreau, who was T.E.'s psychotherapist between August 2008 and February 2009. T.E. called no witnesses. At the conclusion of the hearing, the court ordered T.E. to register publicly as a sex offender. *See id*. art. 62.051 (West Supp. 2009). T.E. appeals that order.

## STANDARD OF REVIEW

We review an order requiring a juvenile to register as a sex offender for procedural error or abuse of discretion. Tex. Crim. Proc. Code Ann. art. 62.357(b) (West 2006). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner, without reference to guiding rules or principles. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002). When reviewing a matter committed to a trial court's discretion, we may not substitute our own judgment for the trial

---

[1] T.E. appealed his committal to TYC, and we affirmed it. *See In re T.E.*, No. 03-04-00590-CV, 2005 Tex. App. LEXIS 5266 (Tex. App.—Austin July 7, 2005, no pet.) (mem. op.).

2

court's. *Id*. This means that we examine the evidence in the light most favorable to the trial court's disposition. *See Cantu v. State*, 253 S.W.3d 273, 282 (Tex. Crim. App. 2008).

## DISCUSSION

T.E. does not claim the trial court committed procedural errors in ordering him to register as a sex offender; thus, we review the trial court's order only for abuse of discretion. *See* Tex. Crim. Proc. Code art. 62.357(b).

T.E. argues that the trial court abused its discretion by requiring him to register as a sex offender because (1) there was no evidence that his registration would protect the public and (2) there was clear evidence that his registration would harm him personally. T.E. is correct that a court must balance the public's interest against the juvenile's when deciding whether to exempt the juvenile from registering as a sex offender. Article 62.352(a) of the code of criminal procedure provides:

> The court shall enter an order exempting a respondent from registration under this chapter if the court determines:
>
> (1) that the protection of the public would not be increased by registration of the respondent under this chapter; or
>
> (2) that any potential increase in protection of the public resulting from registration of the respondent is clearly outweighed by the anticipated substantial harm to the respondent and the respondent's family that would result from registration under this chapter.

*Id*. art. 62.352(a) (West 2006). The trial court recognized that T.E. would be harmed by registering as a sex offender, but it determined that his harm would not clearly outweigh the public interest in his registering.

We hold that this determination was supported by the evidence presented at the hearing. Leslie Moreau, T.E.'s therapist, testified that T.E. posed a high risk to the community. She testified that T.E. had actually regressed in the months leading up to his release. She based her opinion on T.E.'s behavior both in and out of the therapeutic setting. Amy Smith-Rocha, T.E.'s former probation officer, testified that T.E. missed approximately half of his scheduled therapy sessions while on probation. She also testified that T.E. had confessed to his brothers that he committed a sexual assault other than the one for which he was convicted. Finally, the State submitted thousands of pages of TYC records and psychological evaluations that documented T.E.'s history of behavioral and psychological problems.

T.E. argues that even if the evidence showed he was a danger to the public, the State presented no evidence that his registration would actually decrease the danger he represented. It was not the State's burden, however, to show that registration would protect the public; rather, it was T.E.'s burden to show that it would not. *See id*. art. 62.351(b). T.E. presented no evidence on the matter and thus failed to carry his burden.

In sum, viewing all of the evidence in the light most favorable to the trial court's order, we hold that the court did not abuse its discretion by requiring T.E. to register as a sex offender.

## CONCLUSION

For the reasons stated above, we affirm the order requiring T.E. to register as a sex offender.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   October 14, 2010